### T. B. JONES v. JOHN G. JAMES, ADM'R.

(No. 7230.)

APPEAL from Wichita County. Opinion by SIMKINS, J.

HOOD & COBB, counsel for appellant.

JAMESON & CHAMBERS, counsel for appellee.

§ **311.** *Landlord and tenant; lease for one year with option of then leasing for a longer term; refusal of landlord to recognize such option does not relieve tenant of liability when.* This was a suit brought in the county court of Wichita county on the 25th day of September, 1889, by appellee as the administrator of the estate of W. H. Boone, deceased, to recover of appellant the sum of $249.60 and interest thereon from the 15th day of April, 1889. The petition alleges that on the 15th day of October, 1887, appellant leased, of appellee certain lands therein described, for a period of one year, at an agreed rental per annum of $499.20 ; that said lease further provided that at the end of the year appellant, at his option, might lease said lands at the same rate four additional years. The rent was payable as follows: $249.60 on April 15, 1888; $249.60 on October 15, 1888, and a like sum at the expiration of every six months thereafter. This suit was to recover the $249.60 alleged to

be due for the period ending April 15, 1889. The lease was attached to the petition and made a part thereof.

Appellant answered by general and special exception, general denial and a special plea, setting up that when the lease expired by its terms, on October 15, 1888, he sought to renew the same for an additional period of four years, as it was provided in said lease he might do, for the same yearly rental, and tendered appellee well-secured notes to secure the payment of the rent to become due on said land, but that appellee refused to renew said lease and to accept said notes, and that since said time he has not had the use and possession of said land under any lease.

A trial was had before the court without a jury and resulted in a judgment for appellee for the amount sued for. To this judgment appellant excepted, and in open court gave notice of appeal, and now brings the case here for review.

There is only one question in this case. Can a tenant under a written lease for one year at a fixed rate, with the privilege of four additional years at the same rate, who, at the expiration of one year, avails himself of his option and holds on to the land, refuse to pay the rent stipulated in the lease upon the ground that his landlord has demanded a higher rent? We think not.

There is no evidence of any repudiation of the lease by the lessee; on the contrary, he gave notice of his intention to hold under his option at the same rate and terms of payment, and even tendered notes covering the period claimed, and his election was binding on both himself and the landlord. [Wood's Landlord and Tenant, secs. 674–678.]

True, the landlord demanded a higher price for the land, and refused to accept the unsecured notes tendered by Jones, but he made no effort to disturb the tenant in his possession, but seems to have acquiesced in the election made by the lessee to continue under the lease. Ap-

pellant has had the full benefit of the place for the period sued for, and should pay for it, and the judgment is affirmed.

May 11, 1892.                         Affirmed.